Argued and submitted January 20, 2015, affirmed February 10, 2016

In the Matter of the Marriage of

Nelva Lee JOHNSON,
*Petitioner-Respondent,*
*and*

Bart Anthony JOHNSON,
*Respondent below,*
*and*

Patricia JOHNSON-EWING,
*Respondent-Appellant.*

Washington County Circuit Court
C102470DRC; A155270

367 P3d 952

George W. Kelly argued the cause and filed the briefs for appellant.

David N. Hobson, Jr., argued the cause for respondent. With him on the brief was Hobson and Associates, LLC.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

HADLOCK, C. J.

## HADLOCK, C. J.

This case involves two joined claims: wife's petition for the dissolution of her marriage to husband and wife's claim for a declaratory judgment regarding certain matters involving herself and husband's mother (Ewing). The trial court entered a general judgment of dissolution that resolved both claims on the merits. It later entered a supplemental judgment that, among other things, awarded Ewing $10,000 in attorney fees but denied her request for costs and an enhanced prevailing party fee. On appeal from the supplemental judgment, Ewing raises two assignments of error. First, she argues that the trial court's award of $10,000 in attorney's fees—substantially less than she had requested—was premised on erroneous legal reasoning. Second, she argues that the trial court was required to, but did not, award her costs and disbursements and a prevailing party fee. We reject Ewing's first assignment of error without further written discussion. As to her second assignment of error, we conclude that Ewing has not identified any way in which the trial court erred when it denied her request for costs and a prevailing party fee. Accordingly, we affirm.

The relevant historical facts are not disputed. For more than 30 years, husband and wife lived on property (which the general judgment refers to as Tax Lot 400) in North Plains, Oregon. That property was owned by Ewing. The trial court found that husband and wife entered into the following agreement with Ewing in 2010:

"[Ewing], her husband, [husband] and [wife] all met and agreed that [husband and wife] could build a new house on the property that they had been living on for many years if they would pay the insurance and property taxes, since the new house would probably raise the taxes."

That finding rejected an allegation that wife had included in her dissolution petition, in which she claimed that Ewing had agreed that "the property would be transferred to [husband and wife]" in exchange for their expenditures for improvements to the property and their payment of property taxes.

Based on her characterization of the agreement about Tax Lot 400, wife amended the dissolution petition by adding a claim for a declaratory judgment to determine "the rights, responsibilities, ownership and status of the parties" with respect to Tax Lot 400 and naming Ewing as a respondent to that claim. Wife's theory was that, because she and husband had performed their obligations under the agreement, they had jointly acquired a property interest in Tax Lot 400 that was "subject to division in their pending divorce case." The parties asked to have the case tried to a reference judge as allowed by ORS 3.305, and they agreed that "the compensation of the reference judge and the expenses of the trial before the reference judge shall be borne equally by the parties, each party being responsible for one third of the compensation and expenses."

During depositions, wife said that she could not remember any details of the alleged agreement to transfer the property to the married couple. The reference judge subsequently concluded that, although Ewing had agreed to give husband and wife a tenancy in Tax Lot 400, there was no evidence of an agreement to transfer that property to the couple. The reference judge prepared a final judgment and the presiding judge ordered it entered as the final judgment of the trial court. That judgment stated that "[w]ife claimed an interest in * * * Tax Lot 400" and that "[n]either Husband nor Wife is awarded any interest in this real property and residence." The judgment also dissolved the parties' marriage and resolved issues of property division and spousal support.[1]

All three parties filed statements of attorney fees and costs.[2] Ewing argued that she was entitled to $21,670.00 for attorney fees, $4,310.50 for costs and disbursements, a $5,000.00 enhanced prevailing party fee, and $6,000.00 for her attorney's post-judgment work. The request for costs and disbursements included $304.00 for a first appearance

---

[1] Husband's appeal from the dissolution judgment is the subject of a separate appeal currently pending in this court, under case number A153575.

[2] The reference judge reasoned that, even though the parties had agreed to divide the costs associated with the reference judge, "[t]he court does not believe that this agreement defeats the court's ability to award costs and fees pursuant to rule 68. This argument can be raised if there is any request for attorney fees."

fee, $6.50 to obtain document copies, and $4,000.00 for the costs of the reference judge and the court reporter. Ewing argued that she was "entitled to recover costs and disbursements as the prevailing party pursuant to ORS 20.077 and ORCP 68." Her statement also acknowledged that the trial court had "discretion in determining the actual amount of the prevailing party fee."

Wife filed objections and argued, among other things, that "[p]revailing party fees are not available in a case of this nature," that is, in a dissolution proceeding. After a hearing, the trial court issued a letter opinion awarding Ewing $10,000 in attorney fees. The letter did not specifically address Ewing's request for costs, except to say that "[t]he payment of the costs of the reference judge and court reporter are not changed by this decision. Each party is responsible for their share as set forth in that original agreement."

Even though the letter opinion did not award costs, Ewing prepared a proposed supplemental judgment that would have required wife to pay the entire $9,310.50 that Ewing had requested, including a $5,000.00 enhanced prevailing party fee. Wife objected to the form of that judgment, arguing that it was inconsistent with the court's letter opinion. Ewing filed a reply in which she acknowledged that the trial court had not made "any ruling regarding costs and a prevailing party fee," but argued that ORCP 68 B entitled her to some award of costs and disbursements. In an attached letter to the trial court, she asserted that the award of $10,000 of attorney fees was "inadequate" and that "some further ruling on the issue of costs and the prevailing party fee needs to occur."

During a subsequent hearing, the following exchange occurred:

"[EWING'S ATTORNEY]:   So then I think there's also the issue of costs. [Wife] has objected to that. You didn't rule here on costs, but we are, as a matter of law, entitled to costs, and I included those, and I understand [wife] is objecting.

"* * * * *"

"I think that, though, I want to be clear, that we're not—I'm not really asking or suggesting that you should award both [costs and attorney fees]. I think you ought to just give [Ms. Ewing] her reasonable fees. They are pretty darn close to $27,000. I think that ought to be substantially more than approximately a third of them, and if you were to do that, this prevailing party issue—fee issue of $5,000 simply goes away and we're willing to—

"THE COURT: It's not allowed in a case like this, is it?

"[EWING'S ATTORNEY]: Well, that's an interesting question.

"THE COURT: Well, I'm looking at what [wife's attorney] has filed. It says prohibits prevailing fees.

"[EWING'S ATTORNEY]: But [Ms. Ewing] is not a party to this matter. This isn't a dissolution of marriage proceeding against her. This is—

"THE COURT: What is it?

"[EWING'S ATTORNEY]: It's a civil claim against her, where [wife] was asking you to order her to transfer property, her property. It has nothing to do with the dissolution of the marriage. It has nothing to do with the—you know, the division of marital assets.

"This property isn't a marital asset, and I've always taken the position, you know, that you could—you could take all of that into account in dividing their other marital assets. That's nothing to do with Ms. Ewing. But the claims against her were really—they were real property claims and it's a civil lawsuit.

"So, you know, Your Honor, I—candidly, I have—I have relied on 107 whatever it is as part of the basis for awarding fees as well. So I think the prevailing party fee, though, as I said earlier, is something that can and maybe should go away if you simply award some reasonable amount in fees."

Ultimately, the trial court rejected Ewing's argument and entered a supplemental judgment that specifically denied Ewing's petition for costs and a prevailing party fee.

On appeal from the supplemental judgment, Ewing argues that she is entitled to costs and an enhanced prevailing party fee because she prevailed against wife's claim that

she had a property interest in Tax Lot 400. Ewing's argument is straightforward. She asserts that she is the prevailing party under ORS 20.077 and that she is, therefore, entitled to an award of costs under ORCP 68 B, as well as an enhanced prevailing party fee under ORS 20.190. Ewing acknowledges that the trial court has discretion to determine the *amount* of costs to award, but asserts that *some* award of costs is mandatory. Her argument on that point states, in its entirety:

> "Costs are controlled by statute and rule. ORS 20.077(1) requires the court to determine 'the prevailing party.' ORCP 68 B provides that costs 'shall be allowed to the prevailing party.' And ORS 20.190 provides that among the allowable costs [is] a 'prevailing party fee' that can run as high as $5,000. Although the *amount* of costs is partly a discretionary decision (*e.g.*, the size of the prevailing party fee), *whether* to award costs is not. The prevailing party must receive a cost award."

(Emphasis in original.)

In response, wife asserts that, because Ewing told the trial court that the prevailing party fee "is something that can and maybe should go away if you simply award some reasonable amount in [attorney's] fees," any error in denying the fee was either unpreserved or invited. On the merits, wife argues that the trial court was not required to award costs to Ewing; she also asserts that Ewing was not entitled to an enhanced prevailing party fee for two reasons: (1) because prevailing party fees are not available in dissolution proceedings and (2) because the trial court made no findings that would justify such an award.

We reject Ewing's assertion that the trial court erred by declining to award her costs and an enhanced prevailing party fee, but not for the reasons advocated by wife. First, we conclude that Ewing adequately preserved her argument that she was entitled to an award of costs and a prevailing party fee, which she repeatedly requested from the trial court. We also reject wife's argument that Ewing's comments during the hearing on wife's objection to the form of the supplemental judgment invited the alleged error. True, Ewing told the trial court that "if" the court were to

"award some reasonable amount" in attorney fees, then the prevailing party fee was "something that can and maybe should go away." Read in context, however, that statement was consistent with Ewing's earlier assertion that a total award of $10,000 was inadequate and that a larger total award was necessary. In essence, Ewing was signaling her willingness to abandon her request for costs and disbursements and a prevailing party fee, but only if the trial court awarded her "substantially" more attorney fees than the $10,000 it already had said it would award.

However, although Ewing's argument is preserved for appeal, it lacks substantive merit. As noted, Ewing's argument that she was entitled to costs and an enhanced prevailing party fee is premised on a single contention—that, under ORCP 68 B, "[a]lthough the *amount* of costs is partly a discretionary decision (*e.g.*, the size of the prevailing party fee), *whether* to award costs is not." (Emphasis in original.) On that point, Ewing is wrong.

ORCP 68 B provides, in pertinent part:

> "In any action, costs and disbursements shall be allowed to the prevailing party unless these rules or any other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs."

Ewing relies on the presence of the word "shall" in that rule, asserting that it means that a trial court must award costs to the prevailing party. That argument overlooks the presence of another important phrase in the rule, which is "unless the court otherwise directs." As we have held, that phrase gives the court discretion to decline to award costs altogether:

> "By giving a trial court authority to 'otherwise direct[],' ORCP 68 B empowers the court with discretion not to award costs and disbursements to a prevailing party. Thus, we review the trial court's decision not to award costs and disbursements for abuse of discretion."

*AutoLend, IAP, Inc. v. Auto Depot, Inc.*, 170 Or App 135, 143, 11 P3d 693 (2000), *rev den*, 332 Or 240 (2001).

An award of an enhanced prevailing party fee under ORS 20.190(3) also is discretionary. *Williams v. Salem Women's Clinic*, 245 Or App 476, 486, 263 P3d 1072 (2011). That is, ORS 20.190 "gives the trial court discretion *whether* to award an enhanced fee." *Williams*, 245 Or App at 486 (emphasis added).

Thus, neither an award of costs under ORCP 68 B nor an award of an enhanced prevailing party fee is mandatory. Put differently, a trial court has discretion to decline to award either of those amounts to a prevailing party. Ewing's challenge to the trial court's refusal to award her those amounts is based entirely on her contrary contention, that is, her assertion that a court *must* award costs to a prevailing party. Because that contention is incorrect, her appeal gives us no reason to reverse the supplemental judgment.[3]

Affirmed.

---

[3] In this case, the parties agreed that "the compensation of the reference judge and the expenses of the trial before the reference judge" would be borne equally by the parties. Ewing does not assert that, if the trial court had discretion to decline to award costs, its refusal to do so was an abuse of discretion in light of that agreement.