SHORR, J.
*318 Defendants appeal a limited judgment denying their special motion to strike brought under ORS 31.150, Oregon's Anti-Strategic Lawsuits Against Public Participation (anti-SLAPP) statute, which they filed in response to a defamation action initially filed by plaintiff in Multnomah County Circuit Court. The case was transferred to Lincoln County Circuit Court pursuant to a motion to change venue filed by defendants and stipulated to by plaintiff. Defendants then filed their special motion to strike. The Lincoln County Circuit Court determined that defendants' motion was untimely because it was filed more than 60 days after plaintiff served its complaint on defendants, which was past the statutory deadline. The trial court then declined to exercise its discretion under the statute to consider the motion despite that deficiency. On appeal, defendants argue that the motion was not untimely, but, if it was, the court abused its discretion by denying the motion on that basis. For the reasons stated below, we affirm the ruling denying defendants' anti-SLAPP motion as untimely.
We state the following background solely as context for understanding defendants' argument on appeal. Plaintiff in this case is C.I.C.S. Employment Services, Inc., a Lincoln City company that provides pre-employment background screening services to employers. Defendants are Newport Newspapers, Inc., dba Newport News-Times , Rick Beasley, a journalist for the paper, and James Rand, the paper's publisher. In 2015, hackers breached a database owned by plaintiff and stole the personal information of over 80,000 individuals, including over 40,000 Oregonians. That information was subsequently used to defraud the Internal Revenue Service. In February 2016, Newport News-Times published a story written by Beasley that reported on the breach and IRS fraud. In response, plaintiff filed a complaint in Multnomah County Circuit Court on April 1, 2016, alleging defamation against defendants. Plaintiff alleged that the Newport News-Times article's headline and text gave readers the inaccurate impression that plaintiff was somehow "linked" to the hacking and fraud rather than being the victim of the crime.
*319 Because this appeal concerns whether defendants timely filed their special motion to strike, we recite the relevant dates in some detail. The initial complaint was served on defendant Newport Newspapers, Inc., on April 6, 2016. On April 19, plaintiff filed an amended complaint, which added a second claim for relief for negligent hiring and retention of Beasley. Beasley and Rand were served with the amended complaint on April 26 and May 10 respectively. Newport Newspapers, Inc., accepted service of the amended complaint through its attorney on May 17.
One month later, on June 17, 2016, defendants filed a motion to change venue to Lincoln County pursuant to ORS 14.080(2) and ORS 14.110(1)(a).[1] Plaintiff eventually *687 stipulated to that motion on July 28 and the trial court entered an order to change venue on August 10.
On August 31, 2016, defendants filed a special motion to strike plaintiff's claims under the anti-SLAPP statute, ORS 31.150, in Lincoln County Circuit Court. Oregon's anti-SLAPP statute provides a mechanism for "a defendant who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage." Yes on 24-367 Committee v. Deaton , 276 Or. App. 347, 350, 367 P.3d 937 (2016) (internal quotation marks omitted). The statute allows defendants, before incurring significant expenses, to expeditiously move to dismiss nonmeritorious claims that were filed in a strategic effort to chill participation in public affairs. Clackamas River Water v. Holloway , 261 Or. App. 852, 854 n. 1, 322 P.3d 614 (2014). Relevant to this case, the statute allows defendants to move to strike *320 nonmeritorious claims that arise out of any "conduct in furtherance of the exercise of *** the constitutional right of free speech in connection with a public issue or an issue of public interest." ORS 31.150(2)(d). Courts should "liberally" construe the statute "in favor of the exercise of the rights of expression" it protects, enumerated in ORS 31.150(2). ORS 31.152(4). If granted, the motion effectively operates as a motion to dismiss without prejudice under ORCP 21. ORS 31.150(1).
Oregon's anti-SLAPP statute requires a defendant to file a special motion to strike within 60 days from service of the complaint, although the trial court may exercise its discretion to permit a late filing. See ORS 31.152(1) (stating that the motion "must be filed within 60 days" after service of the complaint "or, in the court's discretion, at any later time"). We have previously explained that "the statute was intended to provide an inexpensive and quick process" to determine if claims that might infringe free speech are frivolous. Page v. Parsons , 249 Or. App. 445, 461, 277 P.3d 609 (2012). That legislative intention "accounts for * * * the 60-day time period for the filing of the special motion to strike in ORS 31.152(1)." Horton v. Western Protector Insurance Company , 217 Or. App. 443, 452, 176 P.3d 419 (2008). Here, the Lincoln County Circuit Court denied defendants' motion as untimely because it was filed more than 60 days-in fact, at least 106 days-after the date of service. The trial court also declined to exercise its discretion to permit a late filing. The court gave its decision from the bench, stating that "the deadline should have been followed and I just don't think that there's a legitimate basis not to have done so." After explaining that the court was deciding "the case on the procedural issue" of timing, the court went on to explain that, even if the motion had been timely, it would have denied the motion on the merits. The written order issued by the court similarly reflected, first, that the court was denying defendants' motion as untimely and the court did "not find good cause for the exercise of [its] discretion" to permit a later filing and, second, that the court would have also denied the motion on the merits.
On appeal, defendants maintain that their motion was timely because Multnomah County was the "wrong *321 venue" for the case. As a result, defendants argue that the 60-day deadline was tolled while defendants' motion to change venue was pending and did not begin to run again until the case had been transferred to Lincoln County. Alternatively, defendants argue that, if the motion was untimely, the Lincoln County Circuit Court abused its discretion by denying the motion.[2] *688 The parties initially dispute when the 60-day deadline began to run based on when defendants were served and whether service of the original complaint or the amended complaint provides the correct starting date. However, even assuming that the deadline began to run only after the latest possible date-May 17, when plaintiff served its amended complaint on Newport Newspapers, Inc.-106 days elapsed between that time and August 31 when defendants filed their anti-SLAPP motion.[3] As explained below, the 60-day deadline to file an anti-SLAPP motion was not tolled while defendants' motion to change venue was pending. Accordingly, defendants' special motion to strike was untimely.
Defendants argue that they had the right to have the Lincoln County Circuit Court rule on its anti-SLAPP motion because Multnomah County was the "wrong" venue. As a result, defendants contend that the 60-day filing deadline was tolled once defendants filed their motion to change venue under ORS 14.110(1)(a), which permits transfer when "the action or suit has not been commenced in the proper county," and until the case was formally moved to the proper venue.
By way of explanation for their failure to file the anti-SLAPP motion in Multnomah County Circuit Court, *322 defendants point out that ORS 31.152(1) requires a hearing on a special motion to strike within 30 days of filing and that, had defendants filed their motion in Multnomah County Circuit Court, the hearing might have been held there to meet the 30-day deadline even though Multnomah County was the "wrong" venue for the case. Because defendants had moved for a change in venue under ORS 14.110 (1)(a) approximately one month after defendant Newport Newspapers, Inc., was served with plaintiff's amended complaint-well within the 60-day deadline for filing an anti-SLAPP motion-defendants contend that they had a right to have the court in the proper venue preside over the hearing and rule on their anti-SLAPP motion.
Venue, of course, is not the same as jurisdiction. Kohring v. Ballard , 355 Or. 297, 312-13, 325 P.3d 717 (2014) ("[P]ersonal jurisdiction and venue are not the same thing. Jurisdiction refers to the authority of the court to hale a defendant into court, while venue concerns the particular location where it is appropriate for the court to exercise that authority."). Jurisdiction gives the court authority over claims and parties, while venue is a procedural matter that concerns the county or counties where a particular claim for relief should or may be adjudicated. Id. ; Nibler v. Dept. of Transportation , 338 Or. 19, 23, 105 P.3d 360 (2005) (explaining that statutory venue provisions are "procedural in nature"). Accordingly, a court can have jurisdiction over a case even if it is not the proper venue.
While defendants are correct that they could insist on proper venue under ORS 14.110(1)(a), there is no indication that the Multnomah County Circuit Court lacked jurisdiction over this case even after defendants moved for a change in venue. That is, the court retained jurisdiction, among other things, to exercise its discretion to grant an extension of time for the late filing of the anti-SLAPP motion, order that the anti-SLAPP hearing required by ORS 31.152(1) occur only after the venue issue had been resolved, or stay the 60-day deadline while the venue motion was pending, either by its own initiative or based on a motion by defendants. In short, the Multnomah County Circuit Court had jurisdiction to rule on a range of matters, *323 including timing issues related to defendants' anti-SLAPP motion, even if venue was proper elsewhere. Further, defendants point to no other limitation on the Multnomah County Circuit Court's authority to rule on matters related to defendant's anti-SLAPP motion. *689 Similarly, nothing prevented defendants from filing their anti-SLAPP motion in Multnomah County Circuit Court within 60 days of service of the complaint or, in the alternative, filing a motion to extend or temporarily stay that deadline. Under Oregon venue law, a motion to change venue from an "improper" venue to a proper one must be filed before the defendant files an answer. ORS 14.120. But the venue statute does not suggest that a venue challenge is waived if other motions are filed before a motion to change venue has been filed or while one is pending. Accordingly, defendants would not have waived or otherwise prejudiced their right to change venue had they filed their anti-SLAPP motion while the motion to change venue was still pending in Multnomah County.
Defendants relatedly argue that the 60-day statutory deadline was tolled by operation of law while its motion to change venue was pending. But nothing in the relevant portions of Oregon's venue statutes, ORS 14.110 and ORS 14.120, or venue case law suggests that a motion to change venue tolls other statutory deadlines.[4]
*324 Defendants invite us to rely on California law to reach a contrary conclusion. In Handy v. Lane County , 360 Or. 605, 623 n. 5, 385 P.3d 1016 (2016), the Supreme Court noted that, "[w]hile the [Oregon] legislature intended to follow California [anti-SLAPP] cases that existed in 2001 [when Oregon adopted its own anti-SLAPP statute modeled after California's], California cases decided after 2001 are relevant, at most, only for their persuasive value." To that end, defendants rely on California cases to support their argument that a motion to change venue stays other statutory deadlines, including the 60-day deadline for filing an anti-SLAPP motion, by operation of law. But California venue law is readily distinguishable from our own.
Under California law, a motion to change venue automatically acts as a "stay of proceedings." South Sutter, LLC v. LJ Sutter Partners, LP , 193 Cal.App.4th 634, 655, 123 Cal.Rptr.3d 301 (2011) (citing Pickwick Stages System v. Superior Court , 138 Cal.App. 448, 449, 32 P.2d 433 (1934) ). Under that law, "no court had jurisdiction" even "to receive a responsive pleading, let alone entertain an anti-SLAPP motion, pending approval" of the motion to change venue.[5] Id . And, under the California Rules of Court, a successful motion to change venue resets various *690 statutory deadlines, including the deadline for filing a special motion to strike. California Rules of Court, rule 3.1326 ("30 calendar days are deemed granted defendant to move to strike * * * from the date the receiving court sends *325 notice of receipt of the case"); South Sutter, LLC , 193 Cal.App.4th at 655, 123 Cal.Rptr.3d 301 ("It would be inconsistent with [ Rule 3.1326 ] not to start anew the 60-day period for filing an anti-SLAPP motion when venue was changed."). As noted above, there is no comparable case law, procedural rule, or legislative enactment in Oregon. Indeed, nothing in our law indicates that a motion to change venue tolls the statutory deadline for filing an anti-SLAPP motion or restricts the court's jurisdiction from entertaining such a motion.
In sum, the 60-day deadline for filing an anti-SLAPP motion continued to run while defendants' motion to change venue was pending in Multnomah County Circuit Court. Defendants could have timely filed their anti-SLAPP motion in Multnomah County Circuit Court without prejudicing their right to transfer the case to Lincoln County. Alternatively, defendants could have requested a stay of the proceedings in Multnomah County pending resolution of their motion to change venue or could have moved for an extension of time to file their anti-SLAPP motion or participate in the required hearing once that motion is filed. Instead, defendants waited to file their anti-SLAPP motion until approximately three weeks after the case had been transferred. At that point, the 60-day deadline had long passed and defendants' motion was untimely.
We turn to whether the trial court erred by declining to exercise its discretion to consider defendants' untimely motion. Both the statutory text and relevant case law indicate that we review the trial court's ruling in this case for abuse of discretion. Under ORS 31.152(1), a trial court may still consider an untimely anti-SLAPP motion "in its discretion." While we have never directly stated what standard of review applies when a court declines to consider an anti-SLAPP motion that is filed after the 60-day statutory deadline, we review rulings for abuse of discretion in comparable circumstances where the statute at issue describes the trial court's authority in discretionary terms. See, e.g. , Carroll v. Dept. of Public Safety Standards , 285 Or. App. 556, 568 n. 11, 396 P.3d 938 (2017) ("The statute's provision that costs 'may be assessed' is couched in discretionary terms. Accordingly, any review by this court would be for an abuse *326 of discretion."); Johnson and Johnson , 276 Or. App. 408, 415, 367 P.3d 952 (2016) ("As we have held, [the phrase 'unless the court otherwise directs'] gives the court discretion to decline to award costs altogether. * * * Thus, we review the trial court's decision not to award costs and disbursements for abuse of discretion.").
While, as defendants point out, ORS 31.152(4) instructs trial courts to "liberally construe" the anti-SLAPP statute in favor of protecting the rights of expression enumerated in ORS 31.150(2), there is nothing in the statute to suggest that the legislature intended to cabin the discretion of trial courts to decline to consider untimely anti-SLAPP motions. In fact, defendants have not cited, and we are not aware of, any Oregon case where the appellate courts reversed as an abuse of discretion the trial court's refusal to consider, or decision to deny as untimely, an anti-SLAPP motion filed after the 60-day deadline.
Where, as here, defendants' anti-SLAPP motion was filed at least 46 days late, well beyond the statutory deadline, and defendants did not provide either sufficient legal grounds or a factual basis to excuse their neglect, the trial court's decision to reject the motion as untimely was within the "range of legally correct discretionary choices" available to it. See State v. Rogers , 330 Or. 282, 312, 4 P.3d 1261 (2000) (articulating that standard for abuse of discretion). Defendants appear to argue that the trial court abused its discretion because permitting a late filing in this case would have been consistent with the public policy behind the anti-SLAPP statute. Implicit in that argument is the notion that courts have limited discretion to deny as untimely any potentially meritorious anti-SLAPP motion regardless of *691 how late it is filed.[6] Certainly, courts may not arbitrarily grant or deny permission to file an untimely anti-SLAPP motion, but courts are not obliged to permit a defendant to file a late motion simply because it might have merit or could be consistent with some underlying public policy. The court in this case concluded that there was no reason why defendants could not have filed their anti-SLAPP motion in *327 a timely manner and rejected the motion on that ground. It did not abuse its discretion in doing so.
In sum, defendants' anti-SLAPP motion was untimely. Defendants filed the motion more than 60 days after plaintiff served its complaint, and defendants' pending motion to change venue did not toll the 60-day statutory deadline. In addition, the trial court did not abuse its discretion when it declined to consider the untimely motion.
Affirmed.

ORS 14.080(2) provides, in relevant part, that a corporation incorporated under Oregon law is a resident for venue purposes where the corporation conducts "regular, sustained business activity or has an office for the transaction of business or where any agent authorized to receive process resides."
ORS 14.110(1)(a) permits a trial court to "change the place of trial, on the motion of either party to an action or suit, when it appears from the affidavit of such party that the motion is not made for the purpose of delay and that the action or suit has not been commenced in the proper county." The Supreme Court has determined that parties have "a right to insist on proper venue under that statute." Kohring v. Ballard , 355 Or. 297, 301, 325 P.3d 717 (2014). As a result, the trial court has "no discretion to deny" a timely filed motion to change venue to a proper venue that correctly establishes that the action has not been filed in a proper venue. Id .

Defendants raise arguments on the merits of their anti-SLAPP motion as well. Because we ultimately conclude that the motion was untimely and the Lincoln County Circuit Court did not abuse its discretion by denying the motion, we do not consider those arguments.

Assuming defendants are correct and the 60-day clock did not begin to run for any party until May 17, 106 days elapsed between that date and August 31. If plaintiff is correct and the clock began to run on April 7 for Newport News-Times , April 26 for Beasley, and May 10 for Rand, between 113 and 146 days elapsed between service and filing of the anti-SLAPP motion. By any metric, therefore, more than 60 days elapsed between service and when defendants filed their special motion to strike.

Under ORS 14.110,
"(1) The court or judge thereof may change the place of trial, on the motion of either party to an action or suit, when it appears from the affidavit of such party the motion is not made for the purpose of delay and:
"(a) That the action or suit has not been commenced in the proper county;
"(b) That the judge is a party to, or directly interested in the event of the action or suit, or connected by consanguinity or affinity within the third degree, with the adverse party or those for whom the adverse party prosecutes or defends;
"(c) That the convenience of witnesses and the parties would be promoted by such change; or
"(d) In an action, that the judge or the inhabitants of the county are so prejudiced against the party making the motion that the party cannot expect an impartial trial before the judge or in the county, as the case may be.
"(2) When the moving party in an action is a nonresident of the county, the affidavit required under this section may be made by anyone on behalf of the moving party."
Under ORS 14.120,
"[t]he motion for a change in the place of trial may be made and allowed any time after the commencement of the action or suit and before the beginning of trial, except that, if the change sought is pursuant to the provisions of ORS 14.110(1)(a), the motion must be made before filing of the answer. If the motion is allowed, the change shall be made to the county where the action or suit ought to have been commenced, if it is for the cause mentioned in ORS 14.110(1)(a), and in other cases to the most convenient county where the cause assigned as the reason for the change does not exist. Neither party shall be entitled to more than one change of the place of trial, except for causes not in existence when the first change was allowed."

The California cases cited by defendants that interpret California's venue law are not properly categorized as anti-SLAPP cases even though the results incidentally affect the timing for filing anti-SLAPP motions. California anti-SLAPP cases may be instructive as to the meaning of Oregon's anti-SLAPP statute as explained in Handy , 360 Or. 605, 385 P.3d 1016, but, especially in light of the differences highlighted above, California venue cases have no bearing on our interpretation of Oregon venue law in this case.

As noted, the trial court also proceeded, assuming the motion had been timely, to deny defendants' anti-SLAPP motion on the merits.