Argued and submitted April 15, 2019, reversed and remanded January 27, 2021

C. R.,
*Plaintiff-Appellant,*

*v.*

EUGENE SCHOOL DISTRICT 4J,
an Oregon public school district,
*Defendant-Respondent.*

Lane County Circuit Court
161319440; A166189

481 P3d 334

In this action for defamation and negligence, plaintiff seeks damages for injury to his reputation that he alleges were caused by defendant Eugene School District 4J when it mishandled school disciplinary proceedings. He appeals from the trial court's granting of defendant's special motion to strike the claims under ORS 31.150, Oregon's Anti-Strategic Lawsuits Against Public Participation (anti-SLAPP) statute, contending that the trial court abused its discretion when it allowed defendant's special motion to strike to be filed after the 60-day statutory deadline, and erred in granting the motion on its merits. *Held*: Although the trial court did not abuse its discretion in considering the untimely motion, the court erred in granting defendant's motion, because defendant failed to meet the initial burden of making a *prima facie* showing that the claims against which the motion was made arose out of statements, documents, or conduct protected by ORS 31.150(2).

Reversed and remanded.

Karsten H. Rasmussen, Judge.

Marianne G. Dugan argued the cause and filed the briefs for appellant.

Blake Fry argued the cause for respondent. Also on the brief were Karen M. Vickers and Mersereau Shannon LLP.

Before Ortega, Presiding Judge, and Powers, Judge, and Landau, Senior Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Plaintiff brought this action for defamation and negligence to recover damages for injury to his reputation that he alleges were caused by defendant Eugene School District 4J when it mishandled school disciplinary proceedings. Defendant filed a special motion to strike the claims under ORS 31.150, Oregon's Anti-Strategic Lawsuits Against Public Participation (anti-SLAPP) statute, contending that plaintiff's claims seek damages for conduct that is protected under ORS 31.150(2). The trial court granted defendant's motion, and plaintiff appeals. Plaintiff contends, among other arguments raised on appeal, that the trial court abused its discretion when it allowed defendant's special motion to strike, which was filed after the 60-day statutory deadline, and, further, that the trial court should have rejected the motion on the merits. As explained below, we conclude that, although the trial court did not abuse its discretion in considering the untimely motion, the court erred in granting defendant's motion. Accordingly, we reverse and remand.

## BACKGROUND

Plaintiff was a middle-school student in defendant's school district. In 2011, when he was a seventh grader, plaintiff was suspended for two days based on defendant's determination that he had sexually harassed two younger, disabled students. Several months later, plaintiff was suspended for one day, based on defendant's determination that he had been involved in the theft of items from a teacher's desk.

In 2012, plaintiff filed a complaint against defendant in federal court, asserting violations of the United States Constitution and claims of negligence and defamation. The court rejected the constitutional claim and dismissed the remaining state-law claims and, in 2013, plaintiff brought the instant action in Lane County Circuit Court alleging defamation and negligence. Plaintiff's defamation claim alleged that, by and through its employees, defendant published and communicated defamatory statements to third parties who had no need to know. Those statements were that plaintiff had sexually harassed disabled younger

students, that he was a "ringleader," and that he was a thief. For his negligence claim, plaintiff alleged that defendant breached its duty to plaintiff by "taking actions while plaintiff was within the school boundaries and within school hours to humiliate him, expose him to adult discussions of pornographic concepts, remove him from class, and otherwise cause emotional harm to plaintiff," and "failing to adequately investigate and ascertain the nature of plaintiff's comments, but labeled and punished him regardless, while exposing him to the adult concepts regarding pornography."

On the 59th day after defendant was served with the complaint, the trial court ordered, at plaintiff's request, that the action be held in abeyance pending resolution of plaintiff's appeal of the federal judgment. After the Ninth Circuit Court of Appeals affirmed the federal district court, plaintiff filed a petition with the United States Supreme Court, which the court rejected. *C. R. v. Eugene School District 4 J.*, 835 F3d 1142 (9th Cir 2016), *cert den*, ___ US ___, 137 S Ct 2117, 198 L Ed 2d 197 (2017). Plaintiff then requested a lifting of the stay on his Lane County action, which the court granted.

Eight days after the court lifted the stay—and the 67th day after defendant received service of plaintiff's complaint—defendant filed its special motion to strike, ORS 31.150, contending that the alleged tortious statements and conduct occurred during proceedings or investigations that are protected under ORS 31.150(2)(a), (b), or (c).[1]

Plaintiff responded that defendant's motion was untimely, having been filed more than 60 days after the service of the complaint. *See* ORS 31.152(1) ("A special motion to strike under ORS 31.150 must be filed within 60 days after the service of the complaint or, in the court's discretion, at any later time."). Plaintiff further responded that the motion should be denied, because defendant had failed to make a *prima facie* showing that the alleged tortious statements or conduct were protected under ORS 31.150(2). Plaintiff

---

[1] We note that, unlike Oregon law, the Uniform Public Expression Protection Act, a uniform anti-SLAPP act of the National Conference of Commissioners on Uniform State Laws, does not apply to claims asserted against a governmental entity. *See* Uniform Public Expression Protection Act, § 2.

presented the court with declarations that he asserted described defamatory statements that had occurred outside of the disciplinary process. And plaintiff argued that the negligence claim was based on conduct that did not constitute speech or expression subject to protection under ORS 31.150(2). The trial court granted defendant's motion to strike without explanation and dismissed the claims.

## TIMING OF THE
## SPECIAL MOTION TO STRIKE

As noted, ORS 31.152(1) requires that a special motion to strike under ORS 31.150 be filed within 60 days after service of the complaint or, in the court's discretion, at any later time. In his first assignment of error on appeal, plaintiff contends that the trial court abused its discretion in allowing defendant's motion to strike on the 67th day. Defendant does not dispute that the motion was untimely but contends, simply, that plaintiff has not established that the court abused its discretion in allowing the motion.

In support of his contention that the trial court abused its discretion, plaintiff points out that defendant could have filed its motion in federal court. *See, e.g.*, *Verizon Delaware v. Covad Communications*, 377 F3d 1081, 1091 (9th Cir 2004) (explaining that an anti-SLAPP motion can be used by defendants in federal court against state law claims). Additionally, defendant could have timely filed its motion during the first 59 days after service of plaintiff's complaint in Lane County, before the state complaint was held in abeyance, or on the day the complaint was reactivated. Plaintiff asserts that, in light of the absence of a reasonable excuse for the delay and the long pendency of the litigation in both state and federal courts—in which both parties have engaged in extensive discovery and legal argument on both the defamation and negligence claims—the allowance of the motion at this late date does not serve the purpose of the anti-SLAPP motion.

We are sympathetic to plaintiff's arguments. We agree that defendant could have filed its motion in the federal action or filed its motion in Lane County Circuit Court before the case was held in abeyance. And, in light of the

duration of the litigation between the parties, the trial court's allowance of the untimely motion is not necessarily in furtherance of the underlying policy of ORS 31.150 to permit a defendant who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage. *See Staten v. Steel*, 222 Or App 17, 27-32, 191 P3d 778 (2008), *rev den*, 345 Or 618 (2009) (describing the legislative background on ORS 31.150 and concluding that the "purpose of the special motion to strike procedure, as amplified in the pertinent legislative history, is to expeditiously terminate unfounded claims that threaten constitutional free speech rights, not to deprive litigants of the benefit of a jury determination that a claim is meritorious." (emphasis omitted)); *see also Yes On 24-367 Committee v. Deaton*, 276 Or App 347, 350-51, 367 P3d 937 (2016) (explaining that, under the anti-SLAPP statute, a party who "is sued over certain actions taken in the public arena [may] have a questionable case dismissed at an early stage."); *Clackamas River Water v. Holloway*, 261 Or App 852, 854 n 1, 322 P3d 614 (2014) (observing that "an 'Anti-SLAPP' statute is one that allows defendants who claim that the litigation against them is a strategic attempt to chill their participation in public affairs to expeditiously obtain dismissal before incurring significant litigation expenses by filing, instead of an answer, a 'special motion to strike' the complaint").

At the same time, the trial court's allowance of the filing of the motion beyond the 60th day was not an abuse of discretion. *See C.I.C.S. Employment Services v. Newport Newspapers*, 291 Or App 316, 326, 420 P3d 684 (2018) (reviewing denial of request to file a motion to strike well beyond statutory deadline for abuse of discretion). ORS 31.150(1) does not place any restriction on a trial court's authority, in its discretion, to allow the motion "at any later time." "Discretion" refers to the trial court's authority "to reach a decision that falls within a permissible range of legally correct outcomes." *State v. Harrell/Wilson*, 353 Or 247, 254, 297 P3d 461 (2013). A trial court abuses its discretion if it makes a decision that is "guided by the wrong substantive standard," or that is "based on predicate legal conclusions that are erroneous or predicate factual determinations that

lack sufficient evidentiary support." *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 116-18, 376 P3d 960 (2016). The statute does not provide any explicit guidance for the trial court's exercise of discretion or require findings (and plaintiff did not separately ask for findings). A court "may not arbitrarily grant or deny permission to file an untimely anti-SLAPP motion," *Newport Newspapers*, 291 Or App at 326, but the statute does not require the trial court to determine if there is valid excuse for the filing of an untimely motion. The trial court did note defendant's explanation that the filing of the motion in the federal action would not have been strategically beneficial in light of the constitutional claim, which would not have been subject to the motion. We have reviewed the record and conclude that, in the absence of an indication that the trial court acted arbitrarily, the trial court's allowance of the filing of defendant's motion on the seventh day after the 60-day deadline was not an abuse of discretion. We, therefore, reject plaintiff's first assignment.

## MERITS OF THE
## SPECIAL MOTION TO STRIKE

We turn to plaintiff's challenge to the merits of the trial court's ruling on the ORS 31.150 special motion to strike, which we review for legal error. *Yes On 24-367 Committee*, 276 Or App at 350-51; *Plotkin v. SAIF*, 280 Or App 812, 815, 385 P3d 1167 (2016), *rev den*, 360 Or 851 (2017). In so doing, we take the facts from the pleadings and the supporting and opposing declarations and affidavits submitted to the trial court, and we view the facts underlying plaintiff's claim in the light most favorable to plaintiff. *Id*.

To proceed on a special motion to strike under ORS 31.150, the defendant must make a *prima facie* showing that the plaintiff's claims are of a type protected by ORS 31.150(2). ORS 31.150(3) ("A defendant making a special motion to strike under the provisions of this section has the initial burden of making a *prima facie* showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of this section."); *Wingard v. Oregon Family Council, Inc.*,

290 Or App 518, 521, 417 P3d 545, *rev den*, 363 Or 119 (2018) (describing two-part burden shifting process under ORS 31.150). ORS 31.150 provides, in part:

"(2)   A special motion to strike may be made under this section against any claim in a civil action that arises out of:

"(a)   Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

"(b)   Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

"(c)   Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

"(d)   Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

A claim is susceptible to a special motion to strike if it is based on written or oral statements (1) made or submitted in a type of proceeding described in ORS 31.150(2), (2) made in connection with an issue under consideration in such a proceeding, or (3) made in a public forum in connection with an issue of public interest. A claim is also susceptible to the special motion if it arises out of "any other conduct" based on the exercise of the constitutional right of expression in connection with a public issue or an issue of public importance. Thus, the first question under the statute is whether the claims against which the motion is made "arise out of" one or more of those protected activities. *Wingard*, 290 Or App at 521. Plaintiff contends in his second assignment that the trial court erred in concluding that his claims arise out of activities protected by ORS 31.150.

We address first plaintiff's defamation claim. The parties appear to agree that a school disciplinary proceeding

and its investigation fall within the scope of ORS 31.150(2). Defendant asserts that the statements alleged to be defamatory were made during disciplinary proceedings or the investigation of sexual harassment misconduct by plaintiff, and therefore were made in or in connection with a proceeding authorized by law, ORS 31.150(2)(a), (b), or in connection with an issue of public interest. ORS 31.150(2)(c).

We readily reject defendant's contention that, because the statements concerned discipline of a student for sexual harassment, the statements are protected under ORS 31.150(2)(c), as having been made "in a place open to the public or a public forum in connection with an issue of public interest." Defendant has not offered evidence that its discipline of plaintiff was a public event in connection with an issue of public interest.

We also reject defendant's contention that the claims arise out of statements made in a proceeding authorized by law or in connection with an issue under consideration in such a proceeding under ORS 31.150(2)(a) or (b). We assume, for purposes of this discussion only, that a student disciplinary proceeding and its investigation are a "proceeding authorized by law" within the meaning of ORS 31.150(2)(a) or (b). But, contrary to defendant's assertion, the statements constituting defamation are not alleged by plaintiff to have occurred only in the disciplinary proceedings or investigation. Plaintiff's complaint alleges that defendant defamed plaintiff by publishing to third parties, who had no need to know, the statements that plaintiff had sexually harassed disabled children, that he was a ringleader, and that he was a thief. Viewed in the light most favorable to plaintiff, that allegation can be understood to encompass statements made outside of the disciplinary proceedings or investigation.

Additionally, ORS 31.150(4) provides:

> "In making a determination under subsection (1) of this section, the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

Thus, in determining whether a claim arises out of statements made in or in connection with an issue under

consideration in one of the proceedings described in ORS 31.150(2), the court is not limited to the face of the complaint. The court must also consider the facts described in affidavits or declarations submitted by the parties in support of and in opposition to the motion, which also must be viewed in the light most favorable to the plaintiff. *Mullen v. Meredith Corp.*, 271 Or App 698, 702, 353 P3d 598 (2015). In our review of the trial court's ruling granting the motion, we also view the evidence and draw reasonable inferences from that evidence in favor of plaintiff. *Plotkin*, 280 Or App at 815; *OEA v. Parks*, 253 Or App 558, 566-67, 291 P3d 789 (2012), *rev den*, 353 Or 867 (2013). Viewing the declarations and depositions submitted by plaintiff in the light most favorable to plaintiff, they describe conduct or statements made outside of or after the disciplinary proceedings, or to persons who were not involved in the investigation or proceedings.[2]

Defendant does not make a separate argument relating to the negligence claim, except to assert that the alleged negligence occurred as part of the disciplinary proceeding. The complaint and declarations, viewed in the light most favorable to plaintiff, are subject to the interpretation that, like the allegations of defamation, the specifications of negligent conduct, statements, or other forms of expression by defendant were outside of the disciplinary proceeding. The negligence claim is therefore subject to the same analysis and conclusions discussed above.

We conclude that defendant has not made a *prima facie* showing that plaintiff's claims arise out of conduct or statements made in or in connection with an issue under consideration in a proceeding within the protection of

---

[2] ORS 31.150(3) provides that if the defendant meets its burden to show that the claim arises out of proceedings that are protected by ORS 31.150(2), the burden shifts to the plaintiff to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case. The parties devote considerable briefing to whether the pleadings and submissions meet plaintiff's burden to make a *prima facie* case on his claims. In light of our conclusion that the claims do not arise out of activities protected by ORS 31.150, we do not evaluate the persuasiveness of the evidence submitted by plaintiff to establish defamation or negligence. We also need not address plaintiff's remaining assignments of error.

ORS 31.150(2).[3] The trial court therefore erred in granting the motion.

Reversed and remanded.

_____

[3] Plaintiff asserts that, not only must the statements have been made in a proceeding described in ORS 31.150(2), but the statements must also have been made in the "exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *See* ORS 31.150(2)(d) (permitting a special motion to strike against any claim in a civil action that arises out of "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest"); *Page v. Parsons*, 249 Or App 445, 461, 277 P3d 609 (2012) (describing legislative history showing that "the statute was intended to provide an inexpensive and quick process by which claims that might infringe on the right to petition and free speech on public issues could be evaluated to determine if they were frivolous"). In view of our conclusion that the complaint and declarations include facts showing that plaintiff's claims are based, at least in part, on statements outside of the disciplinary proceeding or its investigation, we need not address that question.