***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 6, affirmed October 5, 2022

RICHARD LEON McKENZIE,
*Plaintiff-Appellant,*

*v.*

CITY OF DALLAS,
*Defendant-Respondent.*

Polk County Circuit Court
20CV04506; A175844

Norman R. Hill, Judge.

Richard L. McKenzie filed the brief *pro se*.

Aaron P. Hisel and Elizabeth A. Jones filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals from a general judgment and money award after he prevailed in a civil lawsuit against the City of Dallas for negligent destruction of his property. On appeal he raises three assignments of error. First, he claims that the trial court erred as a matter of law when it filed a judgment that changed the damages award without giving him notice of the change. Incorporated in that assignment of error is plaintiff's allegation that improper *ex parte* contact occurred between defendants and the court. Plaintiff's second assignment of error claims that the trial court erred in denying him his claimed costs and disbursements under ORCP 68 A. Plaintiff's third assignment of error claims that the trial court erred in denying enhanced prevailing party fees under ORS 20.190(3). For the reasons below, we affirm the judgment of the trial court.

On plaintiff's first assignment of error, we conclude that the trial court did not commit any legal error. The trial court awarded plaintiff $360 as the value of his destroyed property, but a clerical error changed the amount in the bench verdict to $350. That incorrect amount was incorporated into the draft judgment that defendant prepared and sent to plaintiff after the hearing. Plaintiff was able to bring the issue to the trial court's attention and the trial court corrected the clerical error prior to entry of the final judgment. Plaintiff has not identified any *ex parte* communications that occurred in the process of correcting the draft judgment. In addition, plaintiff has cited no legal authority that prevents a trial court from correcting a clerical error prior to the entry of final judgment. We also note that the correction worked in plaintiff's favor, as it ensured he received all the money to which he was entitled.

Plaintiff concedes that his second and third assignments of error are unpreserved but asks us to find that they are plain error and to exercise our discretion to correct the error. When an issue is not preserved below, the appellant can nonetheless ask us to review for "plain error." ORAP 5.45(1), (4)(b), (7). Plain error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute,

and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

In this case, we begin and end with the first step in the analysis. On the second assignment of error, plaintiff cites no statutory authority that provides for an award of copying fees, envelopes, and postage for a *pro se* litigant in the context of a trial proceeding. Accordingly, there is no obvious error of law as required for plain error review. The trial court correctly determined that the applicable rule, ORCP 68 A(2), did not list the type of costs that plaintiff claimed. We note that some of the types of costs that plaintiff claimed are available for *appellate* proceedings, ORS 20.310(1), but this was a trial proceeding and thus subject to different rules.

On the third assignment of error, there is no plain error in the trial court's decision not to award an enhanced prevailing party fee under ORS 20.190(3). The decision to award enhanced prevailing party fees is a discretionary one. *Johnson and Johnson*, 276 Or App 408, 416, 367 P3d 952 (2016). The trial court declined to award the enhanced prevailing party fee because it concluded that it was not "an appropriate case" and plaintiff had offered no persuasive evidence or argument in support of awarding the fee. Plaintiff does not identify any legal error in that ruling and there was evidence in the record to support the trial court's ruling. As a result, there is no obvious and undisputed error of law as required for plain error review. Plain error review is additionally unavailable because resolution of the enhanced prevailing party fee issue requires a choice between competing factual inferences presented by the parties.

Affirmed.