Argued and submitted September 19, 2007, reversed and remanded
January 23, 2008

## William P. HORTON,
*Plaintiff-Appellant,*

*v.*

## WESTERN PROTECTOR INSURANCE COMPANY,
fka Oregon Mutual Insurance Company,
*Defendant-Respondent.*

Multnomah County Circuit Court
050707077; A132367

176 P3d 419

William P. Horton argued the cause and filed the briefs *pro se*.

Jeffrey D. Eberhard argued the cause for respondent. With him on the brief were Kyle D. Riley and Smith Freed & Eberhard, PC.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Plaintiff appeals after the trial court, pursuant to ORS 31.150, granted defendant's motion to strike plaintiff's complaint, dismissed his action for wrongful use of a civil proceeding, and awarded defendant attorney fees. On appeal, plaintiff makes three assignments of error. In his first assignment of error, he argues that ORS 31.150 is inapplicable to this action. He argues in his second assignment of error that, even if this action is subject to ORS 31.150, defendant's motion to strike was not timely filed. In his third assignment of error, plaintiff makes an unpreserved argument that ORS 31.150 violates his right to trial by jury. Because his second assignment of error is dispositive, we reverse.

Plaintiff, a member of the Oregon State Bar, represented an elderly client who was injured in a motor vehicle accident. The client was insured by defendant. Pursuant to its policy with plaintiff's client, defendant paid $10,000 in Personal Injury Protection (PIP) benefits to plaintiff, who placed the payment in his trust account on behalf of his client. Thereafter, plaintiff filed an action on behalf of his client against the other motorist and eventually recovered a settlement for $111,675. Defendant then demanded reimbursement from the settlement proceeds for the PIP benefits it had paid. When the parties were unable to resolve whether reimbursement was proper, defendant filed an action against plaintiff, alleging that he had converted monies that belonged to defendant. That action was referred to arbitration and, after an adverse arbitration award, plaintiff appealed to the circuit court. The circuit court, on *de novo* review, dismissed defendant's action for failure to state a claim, and defendant did not appeal that judgment.

Plaintiff then filed this action for wrongful use of a civil proceeding based on defendant's conversion action. After filing its answer, defendant filed a motion to strike plaintiff's complaint under ORS 31.150, arguing that there was no probability that plaintiff could prevail. After hearing argument on the motion, the trial court, pursuant to ORS 31.150(2)(a), granted the motion and entered both a general

judgment that dismissed plaintiff's complaint against defendant and a supplemental judgment that awarded attorney fees to defendant. Plaintiff appeals both judgments.

Plaintiff argues in his first assignment of error that the trial court erred in concluding that ORS 31.150(2)(a) applied to his complaint.[1] ORS 31.150 authorizes the filing of a special motion to strike a claim:

"(1)   A defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the plaintiff will prevail on the claim. The special motion to strike shall be treated as a motion to dismiss under ORCP 21 A but shall not be subject to ORCP 21 F. Upon granting the special motion to strike, the court shall enter a judgment of dismissal without prejudice.

"(2)   A special motion to strike may be made under this section against any claim in a civil action that arises out of:

"(a)   Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

"(b)   Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

"(c)   Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

"(d)   Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

---

[1] All three "assignments of error" challenge the ruling of the trial court that granted defendant's motion to strike. Technically, assignments of error are to be directed against rulings by the trial court, not against components of the trial court's reasoning or analysis that underlie that ruling. *See* ORAP 5.45(3). In this case, plaintiff's mischaracterization of his arguments as separate assignments of error has not impeded our review.

Specifically, plaintiff argues that ORS 31.150(2)(a) does not apply because the gravamen of his wrongful use of a civil proceeding claim is not conduct that was in furtherance of the exercise of the constitutional rights of petition and free speech in connection with a public issue or an issue of public interest. In his complaint, plaintiff alleges that defendant filed a complaint against him alleging that he collected $10,000 from defendant "without authorization," that he refused to return those monies to defendant, that he was liable for "conversion" of those monies, and that defendant filed the complaint for an improper purpose, *i.e.*, "with the primary purpose of coercing, threatening, embarrassing, or otherwise harassing" plaintiff and "not for the primary purpose of the proper adjudication" of defendant's claim. In light of those allegations, plaintiff interprets paragraph (d) of subsection (2) of the statute to add a requirement to paragraphs (a), (b), and (c). Thus, he concludes that ORS 31.150(2)(a), when considered in context with paragraph (d), should be interpreted to apply only to claims involving conduct that implicates a "public issue or an issue of public interest." It follows, in plaintiff's view, that ORS 31.150 does not apply to his claim for wrongful use of a civil proceeding because only the private interests of plaintiff and defendant are involved.

Defendant responds that, when properly interpreted, the paragraphs in ORS 31.150(2) are independent of each other and that paragraph (d) is not part of the requirements under paragraph (a). Thus, under defendant's view, ORS 31.150 applies because, under paragraph (2)(a) of the statute, plaintiff's civil action arises out of defendant's filing of a written statement (defendant's complaint for conversion) in a judicial proceeding.

Plaintiff's first assignment of error presents an interesting question concerning the scope of ORS 31.150, but we need not resolve that issue of statutory construction in this case.[2] Rather, we agree with plaintiff that, even assuming that ORS 31.150 authorizes the filing of a motion to strike

---

[2] We observe, however, that in ORS 31.150(2), the word "or"—ordinarily used as a disjunctive connector—separates paragraphs (a), (b), and (c) from paragraph (d). That disjunctive language suggests that the statute may apply to conduct *other than* conduct in furtherance of the exercise of the constitutional rights of petition and free speech concerning issues of public importance. If the legislature intended

in this case, defendant's motion was untimely and should have been denied for that reason.

■     In his second assignment of error, plaintiff argues that, because ORS 31.150(1) incorporates by reference ORCP 21 A and because defendant filed its motion to strike plaintiff's complaint after it filed its answer, ORCP 21 A operates to make defendant's motion untimely. It follows, in plaintiff's view, that the trial court erred by granting defendant's motion to strike his complaint based on a motion that was not timely filed. Defendant counters that the motion was timely filed because ORS 31.152(1) provides that a movant has 60 days from the date of the service of the complaint to file a motion to strike under ORS 31.150 and it filed its motion within that time period. Defendant also argues that, because its motion to strike was not based on any of the enumerated defenses in ORCP 21 A, that rule does not require a motion under ORS 31.150 to be filed before an answer or responsive pleading is filed.

■■     Like the first assignment of error, plaintiff's second assignment of error frames an issue of statutory construction, which we review for errors of law. Our task is to discern the legislature's intent, a task that we undertake by first examining the text and the context of the statute. If the statute is susceptible to more than one plausible interpretation, we resort to the legislative history and ultimately to canons of statutory construction, if necessary, to determine what the legislature intended. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

We turn first to the text and the context of the applicable statutes. Again, ORS 31.150(1) provides:

> "A defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the plaintiff will prevail on the claim. *The special motion to strike shall be treated as a motion to dismiss under ORCP 21 A but*

---

ORS 31.150(2) to have a more limited scope, it may want to revisit the language of the statute.

*shall not be subject to ORCP 21 F.* Upon granting the special motion to strike, the court shall enter a judgment of dismissal without prejudice."

(Emphasis added.) ORCP 21 A, in turn, provides that every defense to a claim for relief shall be asserted in a responsive pleading, except that certain defenses may be asserted by a motion to dismiss. It further provides that "[a] motion to dismiss making any of these defenses shall be made before pleading if a further pleading is permitted." According to plaintiff, by requiring a special motion to strike to be "treated as a motion to dismiss under ORCP 21 A," the legislature incorporated the requirement that such a motion be made "before pleading if a further pleading is permitted." Because defendant's motion to strike was made after defendant filed an answer to the complaint, plaintiff argues that it was untimely and should have been denied for that reason.

Defendant, in response, argues that the legislature did not intend to incorporate any such timing requirement into ORS 31.150. Rather, the legislature intended a special motion to strike to be "treated as a motion to dismiss under ORCP 21 A" for a more limited purpose, namely, to protect a defendant from default judgment when the defendant files a special motion to strike rather than an answer or an ORCP 21 motion. The timing requirements for filing a special motion to strike, defendant submits, are found in a separate provision, ORS 31.152(1):

"A special motion to strike under ORS 31.150 must be filed within 60 days after the service of the complaint or, in the court's discretion, at any later time. A hearing shall be held on the motion not more than 30 days after the filing of the motion unless the docket conditions of the court require a later hearing."

Resolution of the issue before us, then, turns on what the legislature intended when it provided that a special motion to strike under ORCP 31.150 "shall be treated as a motion to dismiss under ORCP 21 A." ORS 31.150(1). Did the legislature intend, as plaintiff argues, to incorporate the requirement that a special motion to strike must be filed before a responsive pleading? Or, did the legislature intend the time for filing special motions to strike to be governed by

ORS 31.152 and for such motions to be treated as an ORCP 21 A motions for some other purpose?

As explained below, we conclude, based on the text and context of ORS 31.150(1), that both constructions are plausible. The legislature did not specify the manner in which a special motion to strike should be "treated as a motion to dismiss." Under ORCP 21 A, motions to dismiss "shall be made before pleading if a further pleading is permitted." It is reasonable to conclude, from the unqualified language in ORS 31.150(1), that the legislature intended a special motion to strike to be treated as a motion to dismiss in *all* respects, including the requirement that it be filed before a responsive pleading. Had the legislature intended to limit the ways in which special motions to strike are to be treated as motions to dismiss (or only intended to protect defendants from default judgments), it easily could have said so expressly.

On the other hand, the existence of a separate provision governing the time for filing special motions to strike suggests that the legislature may not have intended special motions to strike to be "treated as * * * motion[s] to dismiss" for purposes of timing requirements. Under ORS 31.152, a defendant may make a special motion to strike "within 60 days after the service of the complaint or, in the court's discretion, at any later time"—a requirement that arguably conflicts with the requirement in ORCP 21 A that motions be made before a responsive pleading. In light of that conflict, defendant argues that we must apply the more specific timing provisions of ORS 31.152. *See PGE*, 317 Or at 611 (in examining the text and context of a statute, the court considers the principles that "where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all," ORS 174.010, and that a particular intent controls a general intent that is inconsistent, ORS 174.020). Defendant also offers a construction of both statutes whereby a conflict could be avoided: By its terms, the timing requirement in ORCP 21 A applies only to "[a] motion to dismiss making *any of these defenses* [enumerated (1) through (9) in ORCP 21]." At most, defendant contends, the legislature intended to apply the timing requirement in ORCP 21 A to a motion to strike under ORS 31.150 that

incorporated one of those enumerated defenses; where one of those nine defenses is not asserted, ORS 31.152 applies.

Although ORCP 21 A and ORS 31.152 both contain different, potentially conflicting timing requirements, the conflict is not irreconcilable. Nor is defendant's proposed construction of the term "these defenses" the only way to reconcile the potential conflict. It is possible that the legislature intended *both* requirements to apply to all special motions to strike—*i.e.*, that it intended that a motion to strike be filed within 60 days after service, or in the court's discretion, at any time later, *only if a responsive pleading has not yet been filed.* That is, it is possible to give effect to both the timing requirements in ORCP 21 A (assuming that they have been incorporated by ORS 31.150(1)) and the requirements in ORS 31.152. By way of example, under such a construction of the statutory scheme, a defendant that had not yet answered or otherwise filed a responsive pleading more than 60 days after service would be permitted, at the court's discretion, to file a special motion to strike; a defendant that had already answered would not.

Thus, although ORS 31.152 provides some support for defendant's theory that a special motion to strike should not be "treated as a motion to dismiss" for purposes of the timing requirements of ORCP 21 A, that statute does not eliminate all ambiguity on that question. Accordingly, we must go beyond the text and context of ORS 31.150 and examine its underlying legislative history. The genesis of what is now ORS 31.150 to 31.155 began with the 2001 legislature, House Bill (HB) 2460 (2001), and the codification of that bill into ORS 30.142, ORS 30.144, and ORS 30.146.[3] Or Laws 2001, ch 616. When introducing HB 2460, Representative Schrader explained,

> "This bill is about nothing less than guaranteeing our basic first amendment rights for our citizens without their being afraid of intimidation by powerful interests that sometimes seem to hold sway here in the state of Oregon and in this country at this point in time. * * * It is important that we encourage citizens—that is what this is about—this is

---

[3] ORS 30.142, ORS 30.144, and ORS 30.146 were renumbered in 2003 as ORS 31.150, ORS 31.152, and ORS 31.155.

> encouraging citizens to engage in their state government.
> * * * These Strategic Lawsuits Against Public Participation
> poison the mind of the average citizen and make them
> afraid of their own government. * * * What this bill does do
> is give the judge judicial discretion to decide whether or not
> a plaintiff's claim has merit or not. It provides for what we
> want, which is the speedy disposition of these frivolous
> threatening lawsuits that attempt to disenfranchise citi-
> zens so that we can get on with the public process. * * * The
> goal is to find a good solid way to protect the citizens' rights,
> preserve the integrity of the process, and allow our citizens
> to feel comfortable participating in our government."

Tape Recording, House Judiciary Committee, Subcommittee
on Civil Law, HB 2460, Apr 19, 2001, Tape 41, Side A (state-
ment of Kurt Schrader).

In light of Representative's Schrader's comments, it
is apparent that the legislature envisioned a process that
would provide an expedited resolution to the litigation that is
the subject of ORS 31.150 to 31.155. That intention accounts
for the provision in ORS 31.150 that the special motion to
strike shall be treated as a motion to dismiss under ORCP
21 A and for the 60-day time period for the filing of the motion
to strike in ORS 31.152(1). More particularly, the phrase
"[t]he special motion to strike shall be treated as a motion to
dismiss under ORCP 21 A" was added to HB 2460 by the Sen-
ate Judiciary Committee at a time when the language "[a]
special motion to strike under ORS 31.150 must be filed
within 60 days after the service of the complaint" already
existed in the bill. Exhibits U and V, Senate Judiciary Com-
mittee, HB 2460, May 15, 2001. Dave Heynderickx, Deputy
Legislative Counsel, described to the Senate Judiciary Com-
mittee the effect of the addition on HB 2460:

> "I think that the primary change that is going to occur from
> putting it in—saying that it is going to be treated as a
> motion to dismiss under 21 A—is going to be procedural as
> far as when and how, how, when you have to make this
> motion. And, I've tried to go back and look pretty closely at
> 21 A after this request came in to say that we would do it
> this way. And I think that one of the things that will prob-
> ably happen because of this is that you are probably going
> to have to make the motion fairly early. Under the bill as it
> was drafted you could basically make this motion almost at

any time during the case. And, one of the things that come with treating it as a motion to dismiss under 21 A that is that, I think you are probably going to have to make the motion before you file your answer to the complaint. So you are going to have to make a decision at the same time you are making your decision about other motions that you might make such as things saying like the statute of limitations has run, etc. And I think that is the primary significance."

Tape Recording, Senate Judiciary Committee, HB 2460, May 15, 2001, Tape 142, Side B (statement of Dave Heynderickx).

The above sequence of events, considered in conjunction with the above testimony, resolves any ambiguity in the words "shall be treated" in ORS 31.150. We conclude that the legislature intended the language that a "special motion to strike shall be treated as a motion to dismiss under ORCP 21 A" to incorporate by reference the requirement of ORCP 21 A, that a motion to dismiss be filed before a responsive pleading is filed. It follows that the trial court should have denied defendant's motion to strike as untimely.

Reversed and remanded.