886 December 18, 2024 No. 912

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

James VERHEYDEN
and Jean Verheyden,
*Plaintiffs-Respondents,*

*v.*

John BLANKFORT
and Robin Budd,
*Defendants-Appellants.*

Deschutes County Circuit Court
21CV20739; A179882

Beth M. Bagley, Judge.

Argued and submitted October 29, 2024.

Drew Eyman argued the cause for appellant John Blankfort. Also on the briefs were Clifford S. Davidson and Snell & Wilmer LLP.

Sean P. Tipton argued the cause for appellant Robin Budd. Also on the briefs were Casey S. Murdock and Frohnmayer, Deatherage, Jamieson, Moore, Armosino, McGovern, P.C.

Sara Kobak argued the cause for respondents. Also on the brief were Craig G. Russillo, Nathan D. Sramek, Megan Breen, and Schwabe Williamson & Wyatt, P.C.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Affirmed.

LAGESEN, C. J.

Plaintiffs sued defendants for defamation in connection with statements that defendants made with respect to plaintiffs' role in closing a private road to the public. The road was situated on private property, including plaintiffs' property, but the public had grown accustomed to using it to access nearby public land.

Defendants filed a special motion to strike under Oregon's Anti-SLAPP statute, ORS 31.150, raising affirmative defenses of qualified privilege under the First Amendment, and contending that plaintiffs would not be able to produce a *prima facie* case of defamation, setting aside any qualified privilege. The trial court entered a limited judgment denying the motion, rejecting defendants' assertion that the asserted qualified privileges applied, and concluding that plaintiffs met their burden under ORS 31.150(3) of establishing a *prima facie* case of defamation. We review for legal error the trial court's determination that plaintiffs' *prima facie* case of defamation satisfied ORS 31.150(3), viewing the facts in the light most favorable to plaintiffs. *Cider Riot, LLC v. Patriot Prayer USA, LLC*, 330 Or App 354, 375, 544 P3d 363 (2024). Under that standard, we affirm.

*Qualified Privileges.* Under Oregon law, a plaintiff in a defamation case generally need not prove that a defendant acted with a particular mental state in making the alleged defamatory statements. *See Lowell v. Wright*, 369 Or 806, 814-15, 512 P3d 403 (2022) (surveying Oregon defamation law). The First Amendment, however, affords affirmative defenses that can change that calculus. *Bank of Oregon v. Independent News*, 298 Or 434, 441-45, 693 P2d 35 (1985). As the Supreme Court has explained, a defendant may assert that "the occasion of the utterance was qualifiedly privileged." *Id.* at 437. Proof of a qualified privilege "does not bar the action, but requires plaintiff to prove that the defendant acted" with the applicable mental state or level of fault. *Id.*

In this case, defendants invoke two distinct qualified privileges that, in their view, required plaintiffs, as

part of their *prima facie* case under ORS 31.150(3), to present evidence of fault. Defendants contend that plaintiffs are "limited purpose public figures" for purposes of the First Amendment, such that plaintiffs were required to prove that defendants acted with actual malice in making the alleged defamatory statements. *See Gertz v. Robert Welch, Inc.*, 418 US 323, 351-52, 94 S Ct 2997, 41 L Ed 2d 789 (1974) (explaining that a private individual who "voluntarily injects himself or is drawn into a particular public controversy" can "thereby become[] a public figure for a limited range of issues"); *Bank of Oregon*, 298 Or at 444-46 (explaining applicable standards governing the assertion of the affirmative defense that a defamation plaintiff is a public figure, whether limited purpose or all purpose). Defendants alternatively contend that they qualify as "media defendants" for purposes of the First Amendment, such that plaintiffs were required to prove that defendants acted with negligence (at a minimum) in making the alleged defamatory statements. *See Gertz*, 418 US at 347 (discussing the concept of media defendants). They argue that the trial court erred in rejecting these contentions and in not requiring plaintiffs to put forth evidence that defendants acted with the requisite level of fault.

Assuming without deciding that ORS 31.150 permits a defendant to raise, and a court to resolve, an affirmative defense in the context of a special motion to strike, we see no error by the trial court under the circumstances present here.[1] In evaluating whether plaintiffs' *prima facie* case is sufficient to satisfy ORS 31.150(3), we view the facts in the light most favorable to plaintiffs. *Cider Riot*, 330 Or App at 375. When the facts are viewed in plaintiffs' favor, they do not establish that either qualified privilege invoked by defendants applies as a matter of law in this case. *Bank of Oregon*, 298 Or at 442-44. Therefore, the trial court properly declined to require plaintiffs to produce evidence that

---

[1] Under our case law construing ORS 31.150, "a defendant must file a special motion to strike before filing an answer." *Cider Riot*, 330 Or App at 359 (citing *Horton v. Western Protector Insurance Company*, 217 Or App 443, 453, 176 P3d 419 (2008)). Under the rules of civil procedure, affirmative defenses must be raised in an answer. ORCP 19 B. That an ORS 31.150 motion must precede an answer tends to suggest that it may not be an appropriate vehicle for resolving issues related to affirmative defenses, at least when the affirmative defenses do not appear on the face of the complaint. *See Davoodian v. Rivera*, 327 Or App 197, 215-16, 535 P3d 309 (2023) (discussing the point).

defendants acted with actual malice or negligence as part of their *prima facie* case.

In the alternative, defendants argue that, even if we conclude that they did not demonstrate that plaintiffs were public figures, or that defendants were not media defendants, we should "align with the federal circuit in which [we] sit[ ]" and require proof that defendants acted with negligence and suffered damages, absent a showing of actual malice. In our view, that argument is at odds with the approach taken by the Supreme Court in *Lowell*, and we reject it for that reason. *Lowell*, 369 Or at 834-42 (declining request to align Oregon defamation law with approach taken by the Ninth Circuit).

*Prima facie case.* Defendants contend, in the alternative, that plaintiffs' evidence is insufficient to establish a *prima facie* case of defamation. "A statement that would subject the plaintiff to hatred, contempt or ridicule that tends to diminish the esteem, respect, goodwill or confidence in which [the plaintiff] is held, or that brings about adverse, derogatory or unpleasant feelings or opinions against the plaintiff can be the basis for a defamation claim." *Lowell*, 369 Or at 814 (internal citations and quotation marks omitted). Whether a statement is capable of a defamatory meaning is a question of law for the court. *Id.* at 815. If a statement is capable of defamatory meaning, then it is a question of fact whether the statement is defamatory. *Id.* Context matters when assessing whether a statement is capable of a defamatory meaning and, on review of the record, we are persuaded that at least some of the statements identified by plaintiffs are capable of a defamatory meaning, in view of the evidence of "the social station of the parties in the community, the current standards of moral and social conduct prevalent therein, and the business, profession or calling of the parties." *Restatement (Second) of Torts* § 614 comment d (1977); *Farnsworth v Hyde*, 266 Or 236, 238, 512 P2d 1003 (1973) ("American courts generally have held that a person is defamed if his reputation is tarnished among 'a substantial and respectable minority' of the community or the defamed's associates." (Quoting *Restatement (First) of*

*Torts* § 559 comment e (1938)).[2] Further, assuming without deciding that plaintiffs were required to present evidence of actual damages caused by defendants' statements, we conclude that they did so.

Affirmed.

---

[2] The Supreme Court follows section 614 of the *Restatement of Torts*, which did not change from the first *Restatement* to the second. *Farnsworth*, 266 Or at 238 (noting the adoption); *Brown v. Gatti*, 341 Or 452, 459, 145 P3d 130 (2006) (citing to section 614 of the second *Restatement*).