No. 461 May 28, 2026 85

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Peter LOWES,
*Plaintiff-Respondent,*

*v.*

Amy THOMPSON,
fka Amy Lowes,
*Defendant,*

*and*

OREGON PUBLIC BROADCASTING,
an Oregon domestic non-profit corporation,
*Defendant-Appellant.*

Deschutes County Circuit Court
21CV28283; A180736

Bethany P. Flint, Judge.

Argued and submitted November 1, 2024.

Drew L. Eyman argued the cause for appellant. Also on the briefs were Clifford S. Davidson, Jon Bial and Snell & Wilmer LLP.

Julie A. Smith argued the cause for respondent. Also on the brief was Cosgrave Vergeer Kester LLP.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Defendant Oregon Public Broadcasting (OPB) appeals from a supplemental judgment denying an award of attorney fees and costs after plaintiff brought an unsuccessful defamation suit against OPB. OPB raises two issues on appeal.[1] First, OPB asserts that it made and prevailed upon a special motion to strike plaintiff's Strategic Lawsuit Against Public Participation (SLAPP suit) under ORS 31.150 and was thus entitled to attorney fees and a prevailing party fee pursuant to ORS 31.152. Second, OPB asserts that the trial court erred by failing to document why it was not awarding an enhanced prevailing party fee. We conclude that OPB was not entitled to attorney fees or a prevailing party fee under ORS 31.152(3) because, although it drafted an anti-SLAPP special motion to strike, it never filed that motion and thus did not "prevail on a special motion to strike made under ORS 31.150" for the purposes of ORS 31.152(3). Additionally, that resolution means OPB was not entitled to a prevailing party fee, and a party cannot be entitled to consideration for an enhanced prevailing party fee if it is not entitled to a regular prevailing party fee. We thus affirm.

Plaintiff's claim against OPB arose out of an article OPB published about plaintiff, the details of which have been thoroughly discussed in *Lowes v. Thompson*, 331 Or App 406, 546 P3d 311 (2024), *aff'd in part and rev'd in part*, 374 Or 23, 573 P3d 377 (2025), and will not be repeated here. As relevant to this proceeding, OPB's outside counsel drafted a special motion to strike the lawsuit, under Oregon's anti-SLAPP statute, ORS 31.150. Prior to filing the motion, counsel for the parties consulted regarding settlement. Plaintiff's counsel requested time to consult with his client, which counsel for OPB agreed to. Subsequently, plaintiff voluntarily dismissed OPB as a defendant prior to OPB filing its special motion to strike.

Six months later, plaintiff entered a proposed judgment of limited dismissal as against OPB without prejudice. OPB's counsel made their first appearance the same day. The following day, OPB filed a letter indicating that it

---

[1] OPB initially included three additional assignments of error in its opening brief that have since been withdrawn.

intended to seek attorney fees and that a full motion would be forthcoming, with the court's leave to do so. The letter was OPB's first substantive filing in the case. The trial court signed the proposed judgment that afternoon. Two weeks later, OPB filed a motion requesting $116,995 in attorney fees, and $5,345 as an enhanced prevailing party fee. The issue went to a hearing, and the trial court issued a letter opinion denying any award of fees or costs, concluding that the special motion to strike was never actually filed, and OPB was therefore not entitled to attorney fees under ORS 31.152(3). This appeal followed.

We review the denial of an award of attorney fees for errors of law. *Makarios-Oregon, LLC v. Ross Dress-for-Less, Inc.*, 293 Or App 732, 739, 430 P3d 142, *adh'd to as modified on recons*, 295 Or App 449, 430 P3d 1125 (2018).

OPB argues that it was entitled to fees under ORS 31.152 because it made and prevailed on a motion to strike. Specifically, it argues that counsel prepared the motion and shared it with opposing counsel, which is what caused plaintiff to voluntarily dismiss the claim against OPB. It thus argues that it prevailed "by virtue of its motion" and the only reason the motion was not formally filed was due to deceptive practices by plaintiff's counsel in asking OPB to delay filing of the motion in order to confer, and then surreptitiously dismissing the action before the motion could be filed. Plaintiff argues, in response, that OPB's interpretation of ORS 31.152 is incorrect, and that a party must *file* a motion in order to prevail upon it and thus be eligible for fees. In its reply brief, OPB attempts to draw a distinction between the use of the word "made" and the use of the word "filed" in various parts of the anti-SLAPP statutes, asserting that they carry different meanings. We agree with plaintiff and conclude that OPB was not entitled to fees under ORS 31.152(3) because it did not file an anti-SLAPP special motion to strike.[2]

ORS 31.152(3), as part of the anti-SLAPP framework, provides that:

---

[2] Because we conclude that OPB was not entitled to attorney fees under ORS 31.152(3), we need not reach the parties' arguments regarding the sufficiency of filings under ORCP 68.

"A defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney fees to a plaintiff who prevails on a special motion to strike."

When interpreting a statute, text and context are the first layer of analysis. *State v. Gaines*, 346 Or 160, 164, 206 P3d 1042 (2009).

The legislature did not define "made" in ORS 31.152(3). We note that the statute does use a different word—"filed"—in ORS 31.152(1), in discussing timelines for such motions. However, we conclude that any difference in wording choice is inconsequential in light of the legislature's contextual command in ORS 31.152(1) that a special motion to strike be filed.

ORS 31.152(1) provides that "[a] special motion to strike under ORS 31.150 *must be filed* within 60 days after the service of the complaint or, in the court's discretion, at any later time." (Emphasis added.) The use of the word "must" indicates that a motion to strike has to be filed before the 60-day deadline, barring the granting of an exception. Therefore, a motion that is not filed on time or with leave of the trial court has failed to comply with the statutory requirements and has no legal effect. *See Horton v. Western Protector Insurance Company*, 217 Or App 443, 452-53, 176 P3d 419 (2008) (determining that anti-SLAPP motion filed after the defendant had answered should have been denied). We struggle to imagine that the legislature intended for a loophole to exist should a party simply draft but not file the motion at all, such that not filing the motion avoids the time limits explicitly set by the legislature—and the parties have not provided support for that conclusion. We conclude that, in context, the meaning of "made" in ORS 31.152(3) indicates that the motion must have been filed. Although not controlling for us, we further note that the California Supreme Court has held that defendants cannot get attorney fees for an anti-SLAPP motion they did not file before the plaintiff voluntarily dismissed the action. *S.B. Beach Properties v. Berti*, 39 Cal 4th 374, 377, 138 P3d 713 (2006).

The parties also dispute the meaning of "prevails on." OPB argues that under *Chinese Consolidated Benevolent Assn. v. Chin*, 316 Or App 514, 519-20, 504 P3d 1196 (2021), *rev den*, 369 Or 855 (2022), a party need not specifically receive a ruling on a motion for that motion to be the cause of a voluntary dismissal and a party therefore be deemed to have "triumphed" on the motion. However, in that case, the party actually filed an anti-SLAPP motion—and still was not entitled to attorney fees under ORS 31.152(3) because the trial court dismissed on other grounds. *Chinese Consolidated*, 316 Or App at 525.[3] We do not find OPB's reading of the statute persuasive. Because we conclude that a party must file an anti-SLAPP motion for the motion to have been "made under ORS 31.150," OPB cannot be deemed to have prevailed on a motion for purposes of ORS 31.152(3) when that motion was never filed.[4] Therefore, OPB was not entitled to attorney fees or costs.

Because OPB was not entitled to attorney fees or costs under ORS 31.152(3), it was not entitled to an enhanced prevailing party fee under ORS 20.190(3). OPB's

---

[3] We note that, since the Opening Brief was filed in this matter, amendments to ORS 31.152 have taken effect, adding the current subsection (4), which states:

"(a) A voluntary dismissal without prejudice of a responding party's claim, or part of a claim, that is the subject of a special motion to strike under ORS 31.150 does not affect a moving party's right to obtain a ruling on the motion and seek attorney fees and costs under subsection (3) of this section.

"(b) A voluntary dismissal with prejudice of a responding party's claim, or part of a claim, that is the subject of a special motion to strike under ORS 31.150 establishes for the purpose of subsection (3) of this section that the moving party prevailed on the motion."

ORS 31.152(4); Or Laws 2023, ch 71, § 2. We apply the version of the statute that was in effect at the time of the trial court's ruling, and therefore do not consider the applicability of ORS 31.150(4) in these circumstances. *Cider Riot, LLC v. Patriot Prayer USA, LLC*, 330 Or App 354, 357 n 3, 544 P3d 363 (2024) ("ORS 31.150 was renumbered, effective January 1, 2024. *See* Or Laws 2023, ch 71, § 1. The amendment to the statute has no bearing on our decision because we apply the law in effect at the time of the trial court's decision. *Peters v. C21 Investments, Inc.*, 322 Or App 462, 465, 520 P3d 920 (2022)[, *rev den*, 371 Or 309 (2023)]. Accordingly, all references to ORS 31.150 are to the statute as it existed when the trial court denied defendants' motion to strike.").

[4] We further note that OPB has not provided any legal basis upon which to reach a different conclusion based on what it deems to be opposing counsel's deceptive practices. OPB cannot plausibly argue that it did not have an opportunity to file its motion. OPB had been served with a lawsuit that had been pending for more than a month before plaintiff voluntarily dismissed it.

argument regarding entitlement to an enhanced prevailing party fee is dependent on it being eligible for fees and costs under ORS 31.152, which we have rejected. An enhanced prevailing party fee may be allowed in addition to a regular prevailing party fee under ORS 20.190(2), which provides for such a fee to be awarded to "a prevailing party who has a right to recover costs and disbursements." OPB withdrew its arguments regarding other alternative bases for entitlement to such a fee.

Affirmed.